NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Assistant United States Attorney
jeff.sweet@usdoj.gov
405 East 8th Ave., Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorney for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:22-cr-00161-MC |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| NATHAN EZELL BOWIE, | |
| **Defendant.** | |

Defendant Nathan Ezell Bowie, a college basketball coach, enticed a minor teenage girl to take and send sexually explicit images. His unlawful conduct demands a serious sentence; the parties jointly recommend a sentence of 162 months' imprisonment to be followed by a term of 20 years of supervised release.

The only known dispute between the parties is the applicability of an enhancement for abuse of trust, USSG § 3B1.3. While the government is seeking the enhancement, the parties' recommendation will remain unchanged regardless of its application.

**Government's Sentencing Memorandum**                                                                 **Page 1**

**Factual Background**

A.   **The Offense Conduct**

In November 2021, Mr. Bowie conducted a basketball camp at an Oregon high school. The minor victim (MV), who was then 16 years old, attended the camp. Mr. Bowie suggested that the students follow him online, which MV did. She sent Mr. Bowie a message thanking him for the camp and asked for some basketball drills. Mr. Bowie sent a link to a video of him working out with a WNBA player.

In early December 2021, MV posted a picture of herself in her basketball uniform. Mr. Bowie commented on the post and asked to see more pictures, which she sent. Their conversations continued, with Mr. Bowie asking for and receiving more pictures. Mr. Bowie noted her maturity and asked if she was turning 17 or 18 and if her parents went through her phone. Mr. Bowie repeatedly told MV that no one should know that they were communicating.

Mr. Bowie eventually asked for nude photographs and sexually explicit videos of MV, which she sent him. In early January 2022, a local coach learned of their online communications and alerted law enforcement.

MV was interviewed and disclosed how the situation developed, Mr. Bowie's requests of her, that he would delete or unsend his incriminating messages, and that she sent him explicit images and videos. MV's phone was searched, and law enforcement located some of the sexually explicit images which MV sent to Mr. Bowie. In March 2022, Mr. Bowie was interviewed, made some admissions, and was arrested.

\\\

\\\

\\\

B.      The Charges & Guideline Computations

Mr. Bowie pleaded guilty to Count 2 of the indictment, coercion and enticement of a minor. 18 U.S.C. § 2422(b). The government agrees with the guidelines calculations as set forth in the Presentence Investigation Report, and which follow:

| Guidelines | Amount |
| --- | --- |
| Base offense level<br>USSG § 2G2.1(a) | 32 |
| Commission of a sexual act<br>USSG § 2G2.1(b)(2)(A) | +2 |
| Use of a computer<br>USSG § 2G2.1(b)(6)(B)(i) | +2 |
| Abuse of Position of Trust<br>USSG § 3B1.3 | +2 |
| Repeat and dangerous offender<br>USSG § 4B1.5(b)(1) | +5 |
| Acceptance of Responsibility<br>USSG § 3E1.1 | -3 |
| **Total Offense Level** | **40** |
| **Resulting Guideline Range** | **292-365 months** |

The parties disagree regarding the application of an enhancement for abuse of trust. USSG § 3B1.3. Mr. Bowie was a college basketball coach running a high school basketball camp. That is how he met MV, that is the context in which he provided his social media account, and MV's initial communications with him were because of that role. They did not meet at a park, store, or online chat room. Minors feel more comfortable communicating with a pastor, teacher, or coach because of their role, and absent that trusted position, communication or contact is more likely to raise red flags or seem abnormal.

Section 3B1.3 requires that the defendant abuse a position of public or private trust, which is characterized by professional or managerial discretion. Mr. Bowie's position clearly

involved significant professional and managerial discretion, though he only directly acted in that role with MV for a very limited time. But, while Mr. Bowie was not MV's coach on an ongoing basis, that is how they met, that is how their communications began and were normalized, and his position facilitated the offense to a significant degree. The enhancement should be applied.

## ARGUMENT

Mr. Bowie abused his position as a coach and during a series of conversations enticed MV to take and send him sexually explicit images. His conduct was harmful, wrong, and illegal. At the same time, he made significant admissions to law enforcement during the investigation, has pleaded guilty, and agreed to a significant prison sentence and period of supervised release. Accordingly, the government recommends a downward variance pursuant to 18 U.S.C. § 3553(a) to a sentence of 162 months, which will protect the community and hold Mr. Bowie accountable, and is sufficient but not greater than necessary.

## CONCLUSION

The parties jointly recommend a 162-month prison sentence, to be followed by a term of 20 years of supervised release, and a $100 fee assessment.

Dated: August 28, 2024

NATALIE K. WIGHT
United States Attorney

s/ *Jeffrey S. Sweet*
JEFFREY S. SWEET
Assistant United States Attorney

s/ *William Howarth*
WILLIAM HOWARTH
Law Clerk